## JACOB HEISSLER AND AUGUST JUNGE
### v.
## CHARLES STOSE.

*Landlord and Tenant—Recovery of Rent—Action of Debt—Appraisers —Disagreement—Interest—Evidence.*

1. In an action of debt for the recovery of rent, this court holds that the intention of the parties to the lease was for the payment of rent monthly in advance, and that the fact that the amount of each installment was uncertain through failure of appraisers to agree in accordance with a clause therein, was no defense to the claim for interest upon each monthly sum found to be the reasonable rental value of the premises in question.

2. Rent in advance can not be recovered in the absence of an agreement to that effect.

[Opinion filed April 17, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

The declaration in this case was in debt, and avers that appellee, on December 4, 1887, executed a lease to appellants of 347 and 349 State street, in the city of Chicago, for a term from May 1, 1878, to May 1, 1888, at a rental from May 1,

1878, to May 1, 1879, of $110 per month, payable on the first day of each month, and from May 1, 1879, to May 1, 1884, $125 per month, payable on the first day of each month, and further providing that the rental from the first day of May, 1884, until the first day of May, 1888, should be fixed by three appraisers, one to be selected by the plaintiff, Stose, and one by the defendants, Heissler and Junge, and the two thus selected to choose a third, and the three to fix the rental; that prior to the first day of May, 1884, the plaintiff selected James Campbell and the defendants selected Charles Kosminski, and the two thus chosen selected James C. Sinclair as a third appraiser; that the three appraisers met; that Campbell and Sinclair agreed upon the rental value of said premises, but that Kosminski refused to agree with them upon the rental value determined by said Campbell and Sinclair; that defendants had notice of such disagreement, and that " by means thereof said defendants became liable to pay to the plaintiff so much money on the first day of each and every month from the first day of May, 1884, for and during and until the first day of May, 1888, as rent for the use and occupation of said premises, as the same are reasonably worth, and that the same are reasonably worth the sum of $250 per month;" that by virtue of said demise, the defendants entered into the possession of said premises, and retained possession from the first day of May, 1878, until the bringing of the suit, "when a large sum of money, to wit, the sum of $10,000, for the use and occupation of said premises by the defendants, of the plaintiff, from the first day of June, 1884, to the first day of May, 1887, became due from the defendants to the plaintiff; that the defendants, though requested, etc., have not paid the sum of money, and therefore," etc.

Second count sets forth the lease, the covenant in respect to the selection of appraisers, their refusal to agree, and notice to the defendants of such refusal, and " by means whereof said defendants became liable to pay the plaintiff so much money on the first day of each and every month, from the first day of May, 1884, for and during and until the first day of May, 1888, as rent for the use and occu-

Heissler v. Stose.

pation of said premises, as the same are reasonably worth, and that the same are reasonably worth the sum of $250 per month." That by virtue of said demise the defendants entered into the possession of the premises, and were possessed thereof from May 1, 1878, to and until the time of the bringing of this action, " when a large sum of money, to wit, the sum of $10,000, for the use and occupation of said premises of the plaintiff by the defendants, from the first day of June, 1884, to the first day of May, 1887, became due from the defendants to the plaintiff; that the defendants, though often requested, etc., have not paid the sum, therefore," etc.

Two additional counts were filed, the first averring that on June 1, 1887, the defendants were indebted to the plaintiff in the sum of $8,750, for the rent of 347 and 349 State street, from the first day of June, 1884, to the 31st day of May, 1887, at a monthly rental of $250 per month, together with interest at the rate of six per cent per annum on each monthly installment of said rent. The second averred that defendants were indebted on the 1st day of June, 1887, in the sum of $10,000, for the use and occupation of certain premises, 347 and 349 State street, by the defendants held and used and occupied, at the request and by the sufferance and permission of the plaintiff.

There was a plea of *nil debet*, and a stipulation that defendants might introduce any evidence which might be admissible under any special plea which might be properly pleaded in said cause. On the trial a verdict was found for the plaintiff for $7,000 debt and $1,044 damages. Motion of defendants for a new trial was overruled and judgment on verdict, from which defendants appeal.

Messrs. William H. Barnum and Rubens & Mott, for appellants.

Messrs. Wilson & Zook, for appellee.

Garnett, P. J. The damages allowed by the jury represented interest on each installment of rent, and the only ques-

tion is whether interest was recoverable.    Appellant contends that there was no money due on a written instrument, and therefore Sec. 2, Ch. 74, Rev. Stat., does not warrant the recovery.    There can be no doubt that there was money due when the action was commenced, otherwise the suit would be premature.    And since the decision in Stose v. Heissler, 120 Ill. 433, it must be admitted that some amount of money, as rent, was due each month in advance.    The lease in question was there construed, and the court held it to be evident that both parties contemplated the payment of rent monthly in advance, during the entire term.

If the rent was due merely by reason of appellants' occupancy and the implied undertaking arising therefrom, there is no known rule of law which would make the value of the use and occupation due each month in advance.    We perceive no reason why, in the absence of any agreement, a suit might not be brought each day for the preceding day's use, but it is certain that no suit could be maintained for future use and occupation unless there was an agreement to that effect.    There is, then, no escaping the conclusion that there was money due each month in advance, and that it was due on and by virtue of a written instrument.    That the amount was uncertain is no defense to the claim for interest.    Appellants knew when they executed the instrument that, in a certain contingency, the amount of their monthly liability would become uncertain, and they should have provided against the possibility of having to pay interest on a demand, uncertain as to its amount. To say that they did not foresee the happening of the event is no better defense than to say they did not know the law.    The judgment is affirmed.

*Judgment affirmed.*

Gary, J., took no part in this case.